Andres Haladay
Drake Law Firm, P.C.
111 North Last Chance Gulch
Suite 3J, Arcade Building
Helena, Montana 59601
Telephone: (406) 495-8080
Facsimile: (406) 495-1616
Email: andres@drakemt.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT, DISTRICT OF MONTANA
Billings Division

| | |
|---|---|
| DANIEL ROOT,<br><br>               Plaintiff,<br><br>v.<br><br>MONTANA DEPARTMENT OF CORRECTIONS dba the MONTANA WOMEN'S PRISON, PAUL LAW and ALEX SCHROECKENSTEIN,<br><br>               Defendants. | Cause No. CV-18-164-SPW-TJC<br><br>THE MONTANA DEPARTMENT OF CORRECTIONS' BRIEF IN SUPPORT OF MOTION TO DISMISS |

The State of Montana, Department of Corrections (State) moves to dismiss all retaliation claims alleged to have occurred after January, 2018. Plaintiff did not exhaust his administrative remedies to assert retaliation claims after January, 2018. The State also moves to dismiss Plaintiff's 42 U.S.C. § 1983 claim as the State is not a "person" subject to suit.

1

## LEGAL STANDARD

A defendant may seek dismissal of a complaint if it does not "state a claim upon which relief can be granted." F.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Factual allegations are accepted as true and all reasonable inferences are drawn in favor of the nonmoving party. *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir. 2013). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## SUMMARY OF THE ARGUMENT

The Court should dismiss the portions of Plaintiff's retaliation claims (Counts 1 and 2) that are alleged to have occurred after January 2018. A plaintiff must exhaust administrative remedies, either with the EEOC or Montana Human Rights Bureau, in order for this court to exercise subject matter jurisdiction over retaliation claims. Plaintiff alleges he did not exhaust administrative remedies for the alleged retaliatory conduct after January 2018. The Court should dismiss Plaintiff's retaliation claims based on alleged conduct after January, 2018.

The Court should dismiss count 3 against the State because the State is not a "person" subject to suit under 42 U.S.C. § 1983. Plaintiff asserted a 42 U.S.C. §

2

1983 claim against the State. This is not a claim upon which relief can be granted and there is no amount of re-pleading that can cure this defect. As a result, count 3 should be dismissed against the State, with prejudice.

## ARGUMENT

**I.      There is No Subject Matter Jurisdiction Over any Alleged Claims for Title VII or Montana Human Rights Act Retaliation Allegedly Occurring After January, 2018.**

Counts 1 and 2 assert retaliation pursuant to Title VII and the Montana Human Rights Act, respectively. Plaintiff alleges he only exhausted administrative remedies regarding alleged retaliatory acts prior to January 2018. As a result, there is no subject matter jurisdiction over alleged retaliatory acts after January 2018. The Court should dismiss Counts 1 and 2 to the extent they allege retaliation occurring after January, 2018.

"In order to establish subject matter jurisdiction over his Title VII claim [plaintiff] was required to exhaust his administrative remedies by either 'filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge.'" *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (*quoting B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision

3

constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). The same exhaustion requirement applies under the Montana Human Rights Act. Mont. Code Ann. §§ 49-2-501(4)(a); 49-2-512(1).

A plaintiff who alleges more than one retaliatory act must exhaust administrative remedies for each alleged act. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114; *Finley v. Salazar*, 2013 WL 1209940, at *2 (D. Mont. 2013). Where a plaintiff alleges retaliation before and after the filing of an administrative complaint, failure-to-exhaust can only be excused if the new un-exhausted claims are "reasonably related" to the previous complaint. *Vasquez v. Cty. of Los Angeles*, 349 F.3d 634, 644 (9th Cir. 2003), *as amended*.

In determining whether a claim of retaliation is "reasonably related," courts consider "the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id*. A court also considers whether a prior investigation by the investigating agency would have encompassed the facts underlying the new unexhausted allegations of retaliation. *Id*. at 645.

Plaintiff filed a complaint with the Montana Human Rights Bureau on February 23, 2018 and amended the complaint on February 28, 2018. Doc. 1, ¶ 27.

Therefore, Plaintiff alleges he did not file a complaint with the Human Rights

Bureau or EEOC regarding alleged retaliation after January 2018. Plaintiff

concedes a failure to exhaust post-January 2018 allegations on the face of the

complaint. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Lar v. Billings*

*Sch. Dist.*, 2018 WL 4215648, at *6 (D. Mont. 2018). Plaintiff is limited to his

allegations of retaliation occurring prior to January 2018. Doc. 1, ¶¶ 1-27.

Plaintiff's allegations of retaliation after January 2018 are not reasonably

related to the alleged retaliation prior to January of 2018. Although Plaintiff alleges

the retaliation was based on his alleged PREA reporting, this is the only similarity.

The complaints prior to January of 2018 are based on Plaintiff's report of an

alleged PREA violation in May of 2017. Doc. 1, ¶¶ 7-8. Plaintiff alleges two

retaliatory acts based on his report: (1) he was yelled at by his supervisor, and (2)

he was not hired for a Lieutenant position in January of 2018. *Id*. ¶¶ 12, 25.

The post-January 2018 allegations are factually-distinct from the pre-

January allegations. *Id*. ¶¶ 28-42. Plaintiff alleges new reports of alleged PREA

violations, and conversations with local media. *Id*. ¶¶ 35, 41. All of this is alleged

to have occurred after January 2018 and was not part of the administrative

investigation. Neither Law nor Schroeckenstein are alleged to have engaged in any

conduct after January 2018. Based on these differences, there is no way the Human

Rights Bureau investigation could have investigated these facts during the investigation of Plaintiff's February 2018 claim.

Based on the foregoing, the post-January 2018 allegations of retaliation are not reasonably related to Plaintiff's February 2018 retaliation complaint. Root did not exhaust any of his retaliation claims allegedly occurring after January, 2018. The Court should determine that Plaintiff was required to exhaust his distinct claims of retaliation that allegedly occurred after January of 2018. In the absence of exhaustion, there is no subject matter jurisdiction over Plaintiff's claims for retaliation occurring after January 2018. The Court should dismiss all claims for retaliation in Counts 1 and 2, allegedly occurring after January of 2018.

## II.   Count 3 Should be Dismissed Because the State is Not a Person Under 42 U.S.C. § 1983.

Count 3 asserts a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. That statute provides:

> Every person who, under color of any [state law] ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

States are not "persons" subject to liability pursuant to 42 U.S.C. § 1983.

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Doe v. Lawrence Livermore Nat.*

6

*Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997); *Briese v. Montana*, 2010 WL 5677921 (D. Mont. 2010). Likewise, State agencies are not "persons" subject to liability under 42 U.S.C. § 1983.  *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Briese*, 2010 WL 5677921.

Plaintiff cannot sue the State of Montana, Department of Corrections, under 42 U.S.C. § 1983. Neither the State of Montana nor Montana Department of Corrections is a "person" for the purposes of § 1983. There is no amount of re-pleading that can cure this legally defective claim. As a result, the Court should dismiss Count 3 against the State, with prejudice.

## CONCLUSION

There is no subject matter jurisdiction over post-January 2018 allegations for Counts 1 and 2 because Plaintiff did not exhaust his administrative remedies. Count 3 should be dismissed because the State is not a person subject to suit under 42 U.S.C. § 1983.

The Court should grant the State's Motion to Dismiss.

Dated this 31st  day of December, 2018.

DRAKE LAW FIRM, P.C.


By:   /s Andres Haladay
Andres Haladay
Attorneys for Defendants

7

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.(d)(2)(E)

This brief complies with the type-volume limitation of Local Rule 7.1.(d)(2)(E), and contains 1,393 words, excluding the caption and certificates of service and compliance.

Dated this 31st  day of December, 2018.

DRAKE LAW FIRM, P.C.


By:___/s Andres Haladay
Andres Haladay
Attorneys for Defendants