IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DANIEL ROOT,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA DEPARTMENT OF CORRECTIONS dba MONTANA WOMEN'S PRISON, PAUL LAW and ALEX SCHROECKENSTEIN,<br><br>Defendants. | Cause No. CV 18-164-SPW-TJC<br><br>**ORDER RE FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Before the Court is United States Magistrate Judge Cavan's Findings and Recommendations (Doc. 69), filed on January 19, 2021, regarding Defendant Montana Department of Corrections' ("DOC") Motion for Partial Summary Judgment (Doc. 29) and Defendants' Motion for Summary Judgment (Doc. 46). Judge Cavan recommended that DOC's Motion for Partial Summary Judgment be granted in part and denied in part, and Defendants' Motion for Summary Judgment be granted in part and denied in part. (Doc. 69 at 2). Defendants timely filed objections February 2, 2021. (Doc. 70). Plaintiff Daniel Root responded to the objections on February 16, 2021. (Doc. 71). The matter is deemed ripe and ready for adjudication. After careful review, the Court adopts Judge Cavan's Findings and Recommendations in full.

1

I. **STANDARD OF REVIEW**

Parties are entitled to de novo review of those portions of Judge Cavan's findings and recommendations to which they timely and properly object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify, in whole or in part, those findings and recommendations properly objected to. 28 U.S.C. § 636(b)(1). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Lance v. Salmonson*, 2018 WL 4335526, at *1 (D. Mont. Sept. 11, 2018) (quoting *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010)). Simply restating the party's argument previously made before the magistrate judge is not a sufficient objection. *Id.*

Absent an objection, a court reviews a magistrate's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

II. **RELEVANT BACKGROUND**

No party objected to Judge Cavan's recitation of the case's relevant factual background. Therefore, finding no clear error, Judge Cavan's factual findings of the relevant background of the case are adopted in full.

## III. DISCUSSION

As to DOC's motion for partial summary judgment, Judge Cavan found that genuine issues of material fact exist regarding whether Root engaged in a protected activity when he reported his concerns about female inmate workers being sexually harassed, and DOC's motion for partial summary judgment on Count I should therefore be denied. (Doc. 69 at 14-15). Judge Cavan also found that Root's claims for retaliation occurring before August 25, 2017 were not timely exhausted, and that DOC is entitled to partial summary judgment on those claims. (*Id.* at 17). Further, Judge Cavan found that Root's claims about behavior occurring between February 27, 2018 and July 26, 2018, although not exhausted, "do not fall within the scope of the [Human Rights Bureau]'s 'actual investigation' of the charge in the first HRB complaint" and the DOC is entitled to partial summary judgment on those claims. (*Id.* at 21-22).

As to the Defendants' joint motion for summary judgment, Judge Cavan found that the first four retaliatory acts claimed in Root's complaint—retaliation based on third-party reporting, witness pay, 15-minute hold over, and media inquiry—did not rise to the level of "materially adverse employment actions" and

3

DOC's motion for summary judgment on those claims should be granted. (Doc. 69 at 30). However, Judge Cavan determined that genuine issues of material fact existed regarding Root's non-hire retaliation claim and summary judgment should be denied on that claim. (*Id.* at 35). Finally, Judge Cavan found that genuine issues of material fact existed regarding whether Root's 2017 grievance and other reports made outside his chain of command "may form the basis of his First Amendment retaliation claim" and whether those reports were a but-for cause of the decision not to hire Root. (*Id.* at 39-40). Judge Cavan recommended Schroekenstein's motion for summary judgment on this issue be denied. (*Id.* at 40).

Defendants object to two portions of these findings: (1) "[t]he determination that genuine questions of material fact exist regarding whether Plaintiff Daniel Root engaged in a protected activity under Title VII when he reported an alleged violation of the Prison Rape Elimination Act;" and (2) "[t]he determination that Root's 2017 grievance and other reports may form the basis of a First Amendment retaliation claim." (Doc. 70 at 2). Each objection shall be addressed below.

### a. Whether Root Engaged in a Protected Activity

To demonstrate a prima facie retaliation case under Title VII, a plaintiff must show that (1) they engaged in a protected activity, (2) they were

4

subsequently subjected to an adverse employment action, and (3) a causal link existed between their activity and the adverse employment action. *Wrighten v. Metro. Hosps., Inc.*, 726 F.2d 1346, 1354 (9th Cir. 1984). A protected activity is an activity falling within the scope of Title VII, which addresses employment discrimination. *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). However, an employee "need not establish that the opposed conduct in fact violated the Act in order to establish a valid claim of retaliation." *Id.* Title VII protections will be granted to those "employees who oppose what they reasonably perceive as discrimination under the Act." *Id.*

Judge Cavan determined evidence existed from which a reasonable juror could find Root reasonably believed his actions were protected under Title VII. Judge Cavan based this finding on the DOC Human Resource Manager Cynthia Davenport's letter to Root informing him that his grievance was a protected activity and on Root's belief that a female inmate, who performed janitorial services for the prison, was an employee of the prison. (Doc. 69 at 12; 14).

Defendants object to this finding, arguing Davenport's letter could not form the basis for Root's reasonable belief because Root did not receive that letter until two months after Root filed his grievance, the protected activity at issue. Therefore, statements that were contained in that July 2017 letter could have no effect on Root's state of mind in May 2017 when the act occurred. Defendants

5

also argue that prisoners cannot be considered employees of the prison under Ninth Circuit precedent, and, presumably, it would be unreasonable for a layperson to believe otherwise.

The Court is inclined to agree with Defendants' argument regarding the Davenport letter and finds that the timing of the letter precludes a finding that the letter's statements formed the basis for Root's reasonable beliefs. However, the Court is not persuaded by Defendants' Ninth Circuit precedent analysis. Defendants state "[a]s a matter of law, inmates performing work inside a prison are not employees." (Doc. 70 at 4). However, this is not the law in the Ninth Circuit nor is it the holding of the cases Defendants cite to in support of their broad statement. Defendants cite to *Hale v. State of Ariz.*, as the main support for their conclusion, however, the *Hale* Court explicitly states "we have previously indicated in connection with another statute that prisoners may have an employment relationship with a prison." 993 F.2d 1387, 1393 (9th Cir. 1993).[1]

Further, in *Moyo v. Gomez*, the Ninth Circuit denied the same argument Defendants now make that Root cannot sustain his action under Title VII because the inmate was not an employee of the prison. 40 F.3d 982, 985 (9th Cir. 1994). The *Moyo* Court declared that whether the prisoner was an actual employee or not is not the ultimate question under Title VII, instead, "regardless of whether the

---

[1] Superseded on other grounds in *Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019).

6

inmates in this case actually qualified as employees, Moyo would be able to state a retaliation claim if he could show that his belief that an unlawful employment practice occurred was 'reasonable'." *Id.* Root asserts that he believed at least one female inmate involved was a janitorial employee of the prison. To obtain that position and others like it, Root explains that inmates have to submit an application and cover letter and sit for an interview. The inmates hired are then paid by the state with deposits to their personal accounts. (Doc. 32-1 at ¶¶ 3-4). Judge Cavan found that these facts could form the basis for a reasonable belief that the hired inmates were employees of the prison. (Doc. 69 at 14). The Court agrees.

### b. Root's First Amendment Claim

To prove a First Amendment retaliation claim, a court must examine five factors: (1) whether the individual spoke on a matter of public concern; (2) whether the individual spoke as a private citizen or as a public employee; (3) whether the plaintiff's speech was a substantial or motivating factor in the adverse employment action; (4) whether the state had an adequate justification for treating the employee differently from members of the general public; and (5) whether the state would have taken the adverse employment action had the speech not occurred. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

7

Whether an individual speaks as a private citizen or a public employee is a mixed question of law and fact, but in *Dahlia v. Rodriguez* the Ninth Circuit has provided several guiding principles for courts to follow. 735 F.3d 1060, 1074-76 (9th Cir. 2013). First, "in a highly hierarchical employment setting such as law enforcement, whether or not the employee confined his communications to his chain of command is a relevant, if not necessarily dispositive, factor in determining whether he spoke pursuant to his official duties." *Id.*, at 1074. Second, "the subject matter of the communication is also of course highly relevant to the ultimate determination whether the speech is protected by the First Amendment." *Id.* at 1074-75. Third, "we conclude that when a public employee speaks in direct contravention to his supervisor's orders, that speech may often fall outside the speaker's professional duties." *Id.* at 1075.

Judge Cavan found that Roots' reports to his supervising officer and within the chain of command may not be protected speech, but those reports made outside the chain of command may be protected. (Doc. 69 at 38). Specifically, Judge Cavan identified Root's 2017 grievance report made to his union as outside the chain of command and subject to First Amendment protections. (*Id.*). Root also reported the same information to individuals outside his chain of command including Office of Human Resources Director Kila Shepherd, Human Resources Manager Cynthia Davenport, and Prison Rape Elimination Act Resource Center

Senior Advisor David Gaspar, as well as representatives from the Montana Human Rights Bureau and the Governor's Office. Judge Cavan found all of these communications to be outside of Root's official duties and chain of command and, therefore, are protected speech. (*Id.* at 39).

Defendants object to this finding, arguing that Root's 2017 union grievance was made within the chain of command because it was an internal report. However, in *Dahlia*, the Ninth Circuit held that when a police officer made a grievance report to his police union, that report was made outside of the officer's official duties and was protected speech. 735 F.3d at 1077. No evidence has been presented here demonstrating that making a union grievance was within Root's official duties and the Court sees no reason to disagree with the *Dahlia* Court or Judge Cavan that Root's 2017 union report may be protected speech.

Defendants also take issue with Judge Cavan's findings regarding Root's communications with human resource personnel. Defendants once again argue that these communications were made internally to an office designed to address employee grievances. Because of its internal nature, Defendants assert the speech is not protected. The Court is similarly unpersuaded by this argument. "[I]f a public employee raises within the department broad concerns about corruption or systemic abuse, it is unlikely that such complaints can reasonably be classified as being within the job duties of an average public employee . . . ." *Dahlia*, 735 F.3d

9

at 1075. Root's grievance here did not regard a routine, personal issue with his pay or his hours. The grievance addressed allegations of inmate sexual abuse by a supervising officer—a matter of great public concern. *See e.g. Freitag v. Ayers*, 468 F.3d 528, 545 (9th Cir. 2006). For that reason, and because Root reported the same information to entirely external entities such as the Office of Human Resources Bureau and the Governor's Office, the Court agrees with Judge Cavan that Root's communications to human resource personnel and external agencies in 2017 and 2018 may form the basis for a First Amendment retaliation claim.

Finally, Defendants argue that Root's external speech was not the but-for cause of the decision not to promote him in 2018. The Court agrees with Judge Cavan that more than sufficient genuine issues of material fact exist making Defendants' argument unpersuasive. Those factual issues include a member of the hiring panel referring to Root as litigious before he had filed his official complaint and the changing nature of the panel's rationale for not promoting Root. (See Doc. 69 at 31-35). These genuine issues of material fact make summary judgment on this issue inappropriate.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Cavan's Findings and Recommendations (Doc. 69) are **ADOPTED IN FULL.**

**IT IS FURTHER ORDERED** that Defendant DOC's Motion for Partial Summary Judgment (Doc. 29) is **GRANTED IN PART and DENIED IN PART**. Defendant's Joint Motion for Summary Judgment (Doc. 46) is **GRANTED IN PART and DENIED IN PART.**

DATED this 22nd day of March, 2021.

SUSAN P. WATTERS
U.S. District Court Judge